**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT HAIN, | ) | |
| Plaintiff, | ) | 2:06-cv-01298-RCJ-LRL |
| vs. | ) | **ORDER** |
| KATHY SEEGMILLER, *et al.*, | ) | |
| Defendants. | ) | |

This is a civil rights action, pursuant to 42 U.S.C. §1983, brought *pro se* by Robert Hain, a prisoner at Nevada's Southern Desert Correctional Center. The Court received plaintiff's original complaint on October 16, 2006 (docket #1). He was granted leave to proceed *in forma pauperis* and has paid the required initial installment toward the filing fee.

Plaintiff raises claims based on an alleged denial of proper medical and dental care. He has presented a total of six counts which all relay on the same facts and circumstances.

Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)(*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

As noted, plaintiff's Complaint is organized into six counts. Plaintiff names five defendants in his Complaint: Kathy Seegmiller, an employee in the medical department, Brian Williams, the warden of the facility, Bruce Bannister, the NDOC Medical Director, and Glen Whorton, the director of the Nevada Department of Corrections. Plaintiff also references a number of Doe defendants.

Plaintiff claims that between August, 2005 and July, 2005 he sought medical and dental care for a severe sinus infection and abscessed tooth. He contends that with each attempt the defendants either ignored his requests or delayed in providing him any care. He asserts that he has not received the treatment he needs, which includes a root canal and that he has been treated differently than other inmates, in that he was denied care even if he would pay for the treatments with his own funds. He contends that he brought his problem to the attention of all the defendants

and none have come forward to assist him.

Plaintiff alleges violations of the Eighth, Ninth, and Fourteenth Amendments contending he has been subjected to cruel and unusual punishment, unequal protection, and denied due process.

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.... Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

This action will proceed on one claim: plaintiff's Eighth Amendment claim based upon his allegation that he was denied proper medical and dental care, causing him to suffer extreme and unnecessary pain and the loss of healthy teeth.

Plaintiff has not stated a claim for a violation of due process as there is no particular processes due in this instance.  He states that he has exhausted his administrative remedies.  Thus, he has been afforded the processes available in this context.

As for his claim that he has been treated differently from other inmates, plaintiff's claim that he was not allowed to obtain treatment even though he could pay for it does not state an equal protection claim.  These assertions appear to fall within the ambit of the denied medical care claim.  He has not stated sufficient facts to raise question of discriminatory animus.

**IT IS THEREFORE ORDERED** that the Clerk shall **file and docket** the complaint and that Counts II and IV thereof are **DISMISSED**.

**IT IS FURTHER ORDERED** that this action shall proceed upon Counts I, III, V, and VI of the Complaint, plaintiff's claims that defendants violated his Eighth Amendment rights by denying him proper and timely medical and dental treatment.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** a copy of this Order and a

copy of the plaintiff's Complaint (docket #1) to the Office of the Attorney General of the State of Nevada, attention Carol Sweeney. The Attorney General shall advise the Court within **thirty (30) days** of the date of entry of this Order whether that office can accept service of process for defendants. If so, counsel shall file an answer or otherwise respond to the complaint within **sixty (60) days** of the date of entry of this Order. If the Attorney General does not accept service for the defendants, then plaintiff must file a motion requesting issuance of a summons for the defendant, and providing an address for service of process upon the defendant.

**IT IS FURTHER ORDERED** that the time for service of defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, is extended to 120 days from entry of this order.

**IT IS FURTHER ORDERED** that, after defendants, or counsel for defendants, make an appearance in this action, plaintiff must serve upon defendants or their counsel if counsel has appeared, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant or his counsel. The court may disregard any paper that does not include a certificate of service.

**IT IS FURTHER ORDERED** that, henceforth, any paper submitted to the court by the plaintiff shall be submitted to the Clerk's office for filing. The court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk.

Dated this 5th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE