# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HAIN, ) | |
| ) | 2:06-cv-01298-RCJ-LRL |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED ORDER** |
| ) | |
| KATHY SEEGMILLER, et al., ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendants' Motion to Dismiss (#8). The Court has considered the motions and pleadings on file and any oral argument heard before the Court. For the reasons set forth below, the Motion to Dismiss (#8) is granted.

## BACKGROUND

**I.   Procedural History**

Plaintiff is an inmate at Southern Desert Correctional ("SDC"). The Complaint was filed in October 2006. On January 5, 2007, the Court issued an order dismissing Counts II and IV, and stated that Plaintiff's action will proceed solely on one claim: the Eighth Amendment Claim based upon his allegations of denial of proper dental and medical care. (#5). Count I alleges that Plaintiff requested dental treatment in August 2005, but his request was ignored. Counts III, V, and VI, allege the same facts in Count I, reiterating that Plaintiff's dental care was untimely, subjecting him to cruel and unusual punishment; Defendants worked in concert to deprive him of his rights; and that

1  Defendants failed to treat him for his ailments. (#6).  The Court dismissed any Equal Protection or
2  Due Process claims.  (#5).

**II.     Factual Background**

Based on the Complaint, the facts are these: Plaintiff is an inmate at SDC, within the Nevada Department of Corrections.  In August of 2005, Plaintiff requested dental treatment, and Nevada Department of Corrections ("NDOC") personnel treated Plaintiff in September 2005.  The prison dentist informed Plaintiff that he was aware of Plaintiff's need and that his name had been placed on a list and that he would be treated when his name came to the top of the list. (#6 at 7).  The prison dentist also informed Plaintiff that he did not need emergency treatment. Defendants Seegmiller, Williams, Cox, Whorton, and Bannister did not personally treat Plaintiff, but responded to Plaintiff's medical requests or grievances, or scheduled follow-up dental appointments.  On November 27, 2006, Plaintiff was seen by an NDOC and given a temporary filling. (#8, Ex. A).

**ANALYSIS**

**I.     Standard for Summary Judgment**

In this case, Defendants have supplied the affidavit of Dr. Lissy, the supervising dentist for NDOC.  Since the Court relies on this affidavit, which is outside the pleadings, for the purposes of deciding this motion,  the Court applies the summary judgment standard.  Fed. R. Civ. P. 12(b)(6).

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.,* 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment when the evidence on record establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir. 1995).

1    The moving party bears the burden of informing the court the basis for its motion, together
2 with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v.*
3 *Catrett,* 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing
4 the motion may not rest upon the mere allegations or denials of his pleadings but must set forth
5 specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby. Inc.,* 477
6 U.S. 242, 248 (1986).

7    A party opposing summary judgment cannot "rest upon mere allegations or denial of his
8 pleadings, but ... must set forth facts showing that there is a genuine issue for trial." *Anderson,* 477
9 U.S. at 248 (citing *Nat'l Bank v. Cities Servs. Co.,* 391 U.S. 253 (1968)).  Furthermore, the status of
10 an entity as a "joint employer" under the FLSA...is a question of law.  *Lopez v. May,* 111 F.3d 633,
11 638 (9th Cir. 1997) (citations omitted).

12    **II.    Plaintiff's Eighth Amendment Claim**

13    As ordered by the Court, this action proceeds solely on Plaintiff's Eighth Amendment
14 Claims.  In order to state a claim for the violation of his Eighth Amendment rights, Plaintiff must
15 show that prison officials were deliberately indifferent to his serious medical needs.  *Estelle v.*
16 *Gamble,* 429 U.S. 97, 102 (1976).  Allegations of deliberate indifference to serious dental needs are
17 analyzed under the same standard.  *Hunt v. Dental Department,* 865 F.2d 198, 200 (9th Cir. 1988).

18    **A.    Plaintiff did not suffer from a serious medical condition.**

19    There are subjective and objective components to the term "deliberate indifference."  If the
20 medical condition is "sufficiently serious" then the objective component is met.  *Farmer v. Brennan,*
21 511 U.S. 825, 839 (1994).  A condition is "sufficiently serious" if a physician has diagnosed it as
22 serious or a lay person would easily recognize the necessity of a doctor's attention.  *Hunt v. Uphoff,*
23 199 F.3d 1220, 1224 (10th Cir. 1990).

24

1    Medical personnel were aware of Plaintiff's dental problem, and after evaluating him and
2 treating his immediate needs, concluded that no further emergency care was needed and placed him
3 on a list to be treated. (#6 at 7; #8 Ex. A ¶ 13). Plaintiff does not dispute these facts. Plaintiff offers
4 no evidence that his aching tooth was "sufficiently serious" or that the delay in treatment resulted
5 in further significant injury.  *Estelle v. Gamble,* 429 U.S. at 104.  Plaintiff's complaint is that he
6 was required to wait for treatment. Delay does not constitute an Eighth Amendment violation, unless
7 it causes substantial harm.  *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990), (internal
8 citations omitted).  Mere disagreements on proper diagnosis and treatment are not actionable under
9 the Eighth Amendment. *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff's belief
10 that his tooth needed immediate treatment is not a sufficient basis for establishing that he was
11 suffering a serious medical condition. *See e.g., Id.*

12    Plaintiff cites a Microsoft Encarta article (#12 at 8) discussing the importance dental
13 treatment. The article is unpersuasive in the face of three facts: first, Plaintiff's experience amounts
14 at most to an uncomfortable wait for dental treatment; second, NDOC personnel treated Plaintiff's
15 immediate needs and determined that Plaintiff did not need emergency treatment; and third, Plaintiff
16 ultimately received the filling for his tooth. (#8, Exhibit A).  When Plaintiff was initially seen in
17 September of 2005, the NDOC dentist found that Plaintiff only suffered a minor abrasion and did
18 not need treatment on the tooth of which he was complaining. Another tooth however, required
19 immediate treatment and a restoration was placed in it.  *Id.* at ¶ 13.  The record demonstrates that
20 when Plaintiff required urgent treatment, he received it; when he did not, he was required to wait like
21 other inmates.

22    **B.    Defendants did not demonstrate deliberate indifference.**

23    The subjective component of "deliberate indifference" is met if a prison official "knows of
24 and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837

1  (1994).  This disregard is an essential element in a claim for cruel and unusual punishment, if a
2  plaintiff cannot show that defendants acted with a culpable state of mind, his claim will fail.  *Wilson*
3  *v. Seiter,* 501 U.S. 294, 297 (U.S. 1991).  The *Wilson* court noted that the Eighth Amendment
4  proscribed cruel and unusual punishment, if the pain is not inflicted as part of the formal punishment
5  then there must be a culpable mental state attributed to the inflicting officer.  *Id. at* 300.  The Ninth
6  Circuit held that even an expert's disagreement with the course and competence of treatment, or
7  conclusive evidence of negligence, does not establish deliberate indifference to serious medical
8  needs.  *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

9  There is no allegation or evidence that the Plaintiff was denied dental care as punishment for
10 his actions.  Nor is there any allegation or evidence that Defendants knew that Plaintiff suffered from
11 a serious medical condition and denied him treatment.  Rather, Plaintiff disagrees with the diagnosis
12 and scheduling.  The affidavit of Dr. Lissy (#8, Exhibit A) establishes that medical personnel were
13 aware of Plaintiff's condition and were providing the treatment that they felt was appropriate.  The
14 fact that Plaintiff had to wait in line for non-emergency care does not constitute deliberate
15 indifference. *Wood,* 900 F.2d at 1335.

**CONCLUSION**

17 IT IS HEREBY ORDERED that the Motion to Dismiss (#8) is *granted*.  After considering
18 the affidavit and the Complaint, it is clear that (1) Plaintiff did not suffer a serious medical condition,
19 and (2) Defendants were not deliberately indifferent to Plaintiff's needs.  With this order, Plaintiffs'
20 claims have been dismissed in their entirety.

21 DATED: March 18, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT

24 (mr)